MICHAEL JASON LEE, ESQ. (State Bar No. 206110)
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: 858/ 550.9984
Facsimile: 858/ 550.9985
E-Mail:  Michael@mjllaw.com

SUNJINA K. AHUJA, ESQ. (State Bar No. 226130)
DEVON FRANZA, ESQ. (State Bar No. 314314)
JESSICA RASMUSSEN, ESQ. (State Bar No. 272106)
**DILLON MILLER & AHUJA, LLP**
5872 Owens Ave., Ste. 200
Carlsbad, California 92008
Telephone: (858) 587-1800
Facsimile: (858) 587-2587
E-Mail:  sahuja@dmalaw.com
         dfranza@dmalaw.com
         jrasmussen@dmalaw.com

Attorney for Plaintiff/Judgment Creditor,
PRISCILLA RAINEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA RAINEY, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>JAYCEON TERRELL TAYLOR a/k/a<br>"THE GAME",<br><br>          Defendant. | **Case No.:  8:19-cv-00219-VAP**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Crtrm:  8A<br>Mag. Judge:  Virginia A. Phillips |

1.      <u>PURPOSES AND LIMITATIONS</u>

Plaintiff Priscilla Rainey ("Plaintiff") initiated this proceeding in order to collect monies owed by the Defendant Jayceon Taylor ("Defendant") in satisfaction of a judgment entered in the United States District Court for the Northern District of Illinois.  Plaintiff has issued a subpoena to Entertainment One U.S. LP ("eOne" or the "Producing Party"), dated March 26, 2020, seeking, inter alia, documents and information regarding monies, if any, owed by eOne to Defendant.   eOne is headquartered in New York, New York.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action or any action commenced by Plaintiff to enforce the Judgment (collectively, the "Actions") may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. 15. This Stipulated Protective Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.

The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Indeed, the Producing Party shall designate such information as confidential only when the producing party has a reasonable, good faith belief that the information so designated is confidential.  Moreover, the parties recognize that eOne is headquartered in New York and wish to provide for the production of documents and information consistent with the 100 mile rule contained in <u>Fed. R. Civ. P. 45</u>. Wherefore, the parties hereby stipulate and agree to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing

this proceeding, it is therefore hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— shall adhere to the following terms.

2.   GOOD CAUSE STATEMENT

The parties believe that a protective order restricting the use and dissemination of specifically designated confidential, proprietary, and sensitive information is necessary and appropriate to facilitate the production of documents and information to Plaintiff by eOne. This action is likely to involve commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of the Actions is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.    SCOPE

3.1    This Protective Order protects only limited information or items that are entitled to treatment under applicable legal principles, such as records containing private competitive information, private personal or financial information of parties, confidential business strategies, information required by law to be maintained in confidence by any person, and information protected from disclosure by government regulations.  In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as confidential information.  Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

3.2    Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this proceeding ("Discovery Material") that is produced by eOne and designated as "Confidential" or "Confidential-Attorney's Eyes Only" (collectively "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.  Discovery Material shall not be used by any person, other than the Plaintiff, for any purpose other than prosecuting, defending or settling the Actions and not for any business, commercial or other purposes.  If Plaintiff uses Discovery Material in another Action or a jurisdiction other that the Central District of California, then Plaintiff shall first have the Court in such proceeding or jurisdiction enter an order substantially identical to this Order so that the court in such other proceeding or jurisdiction may enforce its terms.

4.    DURATION

This Order shall survive the termination of the proceeding and the Court retains jurisdiction over this action for enforcement of the provisions of this Order following final resolution of this action.  Within 30 days of the final disposition of this action, all

Confidential Discovery Material including copies, shall be returned promptly to the producing person, or, upon permission of the Producing Party, destroyed. However, counsel is permitted to maintain an archival copy of any pleading or work product that references confidential material.

### 5.   DESIGNATING PROTECTED MATERIAL

5.1   The Producing Party may designate as "Confidential" or "Confidential-Attorney's Eyes Only" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the Producing Party, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

5.2   Manner of Designation. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with its legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 20 days of receipt of the transcript.

5.3   Inadvertent Failures to Designate. A party that has inadvertently produced Discovery Material without designating it as Confidential or Confidential-Attorney's Eyes Only may, at any time prior to the fact discovery cut off in this action, re-designate such Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only." The party receiving such re-designated Confidential Discovery Material shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Confidential Discovery Material shall immediately be treated in conformance with any such re-designation.

### 6.   DISCLOSURE OF PROTECTED MATERIAL

6.1   No person subject to this Order other than the Producing Party shall disclose

any of the Confidential Discovery Material designated as Confidential to any other person, except:

      a.    the named parties to the Actions and their directors, officers and employees;

      b.    counsel retained specifically for the Actions, including any paralegal, clerical, and other assistant employed by such counsel;

      c.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Actions, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

      e.    independent copying, document storage or data processing firms, or their employees, retained to copy, process or store any Discovery Materials;

      f.    deponents or testifying witnesses in any of the Actions and their counsel, when counsel for a party to any of the Actions makes a good faith determination that it is necessary for the deponent or witness, or his counsel, to review the Confidential Discovery Materials in preparation for or during the course of the deposition or testimony;

      g.    stenographers or videographers engaged to transcribe or record depositions conducted in any of the Actions; and

      h.    the Court and its support personnel.

6.2   Confidential-Attorney's Eyes Only Information, except with the prior consent of the Producing Party or upon prior order of this Court, shall not be disclosed by any party to any person other than those identified in Section 6.1, subparagraphs (b), (c), (d), (e), (g) and (h).

6.3   Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 6.1 (a) and (d) through (g) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order.  Counsel shall retain each signed Non-Disclosure Agreement.  Non-Disclosure Agreements shall be retained by counsel disclosing the Confidential Discovery Material and shall be made available for *in camera* inspection upon a showing of good cause, except that statements of experts shall not be made available until such time as the party is obligated to identify such individuals.

6.4     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

## 7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

If a party disagrees with the Producing Party's designation of Confidential Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only" or disputes the limitations on access to be accorded such information under this Order, such party shall provide to the Producing Party written notice of its disagreement and specifically identify the information or restriction on access in dispute.  If, despite good faith effort, the dispute cannot be resolved informally by the parties, the party contesting the designation or restriction on access may seek relief from the Court.  The party who designated the information as "Confidential" or "Confidential-Attorney's Eyes Only" shall bear the burden of demonstrating that the Confidential Discovery Material is entitled to protection from disclosure under applicable law.  Pending the Court's ruling, the party contesting the designation shall continue to treat the Confidential Discovery Material in the manner required by this Order.  The Parties may resolve disputes regarding the designation through the use of redaction.

## 8.   INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

8.1     If the Producing Party inadvertently produces Discovery Material that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, or learns of the

production of such Discovery Material by a non-party, the Producing Party may retrieve such Discovery Material as follows:

a.  Within twenty-one (21) days of the date of discovery by a party of the inadvertent production by it or a non-party, the party asserting that an inadvertent production has occurred shall give written notice to all other parties that the party claims the Discovery Material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

b.  Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the Producing Party.  In the event that only part of a document is claimed to be privileged or protected, the Producing Party shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.  Any party who has received the produced documents or material may contest the claim of inadvertence; provided, however, that should the parties' good faith efforts fail to resolve any dispute over inadvertent production, the party contesting the claim of inadvertence shall bring the matter to the Court's attention within twenty-one (21) days after good faith efforts to resolve the dispute have failed.  Prior to resolution of any such dispute (either by the parties or through intervention of the Court), the receiving party need not return all copies of the produced documents or material to the Producing Party; however, the receiving party may not use or disclose the Discovery Material claimed privileged for any purpose

1                           other than to challenge the privilege or protection claim.

2          9.     <u>USE OF PROTECTED MATERIAL</u>

3          9.1    All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court.  The parties will use their reasonable best efforts to minimize the filing of Confidential Discovery Materials under seal. For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day. In order to avoid filing under seal, Plaintiff may file a redacted version of Confidential Discovery Material provided that the Producing Party approves the redactions.

11        10.    <u>INADVERTENT DISCLOSURE OF PROTECTED INFORMATION</u>

12        10.1  If, in connection with any of the Actions, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17        10.2  If the Producing Party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

24        11.    <u>MANNER OF PRODUCTION</u>

25        The Producing Party may produce documents and information to counsel for Plaintiff via email, DropBox, WeTransfer link, or similar method.  Such production shall be deemed to have been made in New York, New York.  In the event that Plaintiff seeks a deposition of eOne in connection with this proceeding, such deposition will occur in

1  New York, New York, or via remote video deposition.

2

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED ___May 26, 2020___

6

7

8  Attorneys for Plaintiff

9

10

11  DATED: ___May 26, 2020___

12

13

14  Entertainment One U.S. LP

15

16  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

17  DATED: ___June 1, 2020___

18

19

20  Honorable Michael R. Wilner

21  United States Magistrate Judge

22

23

24

25

26

27

28  **EXHIBIT A**

-9-                                    Case No.:  8:19-cv-00219-VAP

**STIPULATED PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge that I have read and understand the Stipulated Protective Order entered in this proceeding (the "Order"). I agree that I will abide by its terms and not use or disclose Discovery Material for any purpose other than in connection with this proceeding and will not disclose any Confidential Discovery Material produced in this proceeding to anyone other than to those persons permitted in the Order and that at the conclusion of the proceeding I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.


Dated: _____



Signature: _____