MICHAEL JASON LEE, ESQ. (State Bar No. 206110)
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Telephone: 858/ 550.9984
Facsimile: 858/ 550.9985
E-Mail:  Michael@mjllaw.com

DEVON R. FRANZA, ESQ. (State Bar No. 314314)
**DILLON MILLER & AHUJA, LLP**
5872 Owens Ave., Ste. 200
Carlsbad, California 92008
Telephone: (858) 587-1800
Facsimile: (858) 587-2587
E-Mail:  dfranza@dmalaw.com

Attorney for Plaintiff/Judgment Creditor,
PRISCILLA RAINEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA RAINEY, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>JAYCEON TERRELL TAYLOR a/k/a "THE GAME",<br><br>          Defendant. | **Case No.:  8:19-cv-00219-VAP-(MRWx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Crtrm:  8A<br>Mag. Judge:  Michael R. Wilner |

1. <u>PURPOSES AND LIMITATIONS</u>

Plaintiff Priscilla Rainey ("Plaintiff") initiated this proceeding in order to collect monies owed by the Defendant Jayceon Taylor ("Defendant") in satisfaction of a judgment entered in the United States District Court for the Northern District of Illinois (the "Judgment"). Plaintiff has issued subpoenas to non-parties 5th Amendment Entertainment, Inc. and Pass Go 2 Win, LLC ( the "Producing Parties", each a "Producing Party"), dated May 26, 2020, seeking documents and information in aid of execution of the Judgment.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action or any action commenced by Plaintiff to enforce the Judgment (collectively, the "Actions") may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. This Stipulated Protective Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.

The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Indeed, the Producing Parties shall designate such information as confidential only when the producing party has a reasonable, good faith belief that the information so designated is confidential. Wherefore, the parties hereby stipulate and agree to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing this proceeding, it is therefore hereby ORDERED that any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third

parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order— shall adhere to the following terms.

2. GOOD CAUSE STATEMENT

The parties believe that a protective order restricting the use and dissemination of specifically designated confidential, proprietary, and sensitive information is necessary and appropriate to facilitate the production of documents and information to Plaintiff by the Producing Parties. This action is likely to involve commercial, financial, technical and/or proprietary information, which may implicate the confidentiality rights of third parties, for which special protection from public disclosure and from use for any purpose other than prosecution of the Actions is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. SCOPE

3.1 This Protective Order protects only limited information or items that are

entitled to treatment under applicable legal principles, such as records containing private competitive information, private personal or financial information of parties, confidential business strategies, information required by law or contract to be maintained in confidence by any person, and information protected from disclosure by government regulations. In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as confidential information. Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials.

   3.2   Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in the course of this proceeding ("Discovery Material") that is produced by the Producing Parties and designated as "Confidential" or "Confidential-Attorney's Eyes Only" (collectively "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order. Discovery Material shall not be used by any person, other than the Plaintiff, for any purpose other than prosecuting, defending or settling the Actions and not for any business, commercial or other purposes. If Plaintiff uses Discovery Material in another Action or a jurisdiction other that the Central District of California, then Plaintiff shall first have the Court in such proceeding or jurisdiction enter an order substantially identical to this Order so that the court in such other proceeding or jurisdiction may enforce its terms.

   4.   DURATION

This Order shall survive the termination of the proceeding and the Court retains jurisdiction over this action for enforcement of the provisions of this Order following final resolution of this action. Within 30 days of (i) the final disposition of this action, (ii) the final disposition of all cases commenced by Plaintiff related to the enforcement of the Judgment, or (iii) the filing of a satisfaction of the Judgment, whichever occurs

first, all Confidential Discovery Material including copies, shall be returned promptly to the producing person, or, upon permission of the Producing Parties, destroyed. However, counsel is permitted to maintain an archival copy of any publicly filed pleading or work product that references confidential material.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    The Producing Parties may designate as "Confidential" or "Confidential-Attorney's Eyes Only" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or contract, or could, in the good faith opinion of the Producing Parties, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

5.2    <u>Manner of Designation</u>. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Parties or their counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with its legibility or audibility. In the event any document or protected portion of any document is produced without first having been stamped or marked as "Confidential", the Producing Party shall re-produce the document with the appropriate stamp or mark designating such document or portion thereof as "Confidential."  Deposition testimony may be designated as Confidential either on the record during the deposition or within 30 days of receipt of the transcript.

5.3    <u>Inadvertent Failures to Designate</u>. A party that has inadvertently produced Discovery Material without designating it as Confidential or Confidential-Attorney's Eyes Only may, at any time prior to the conclusion of this Action , re-designate such Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only." The party receiving such re-designated Confidential Discovery Material shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Confidential Discovery Material shall

-4-    Case No.:  8:19-cv-00219-VAP-(MRWx)
STIPULATED PROTECTIVE ORDER

immediately be treated in conformance with any such re-designation.

6. **DISCLOSURE OF PROTECTED MATERIAL**

6.1 No person subject to this Order other than the Producing Party shall disclose any of the Confidential Discovery Material designated as Confidential to any other person, except:

    a. the named parties to the Actions and their directors, officers and employees;

    b. counsel retained specifically for the Actions, including any paralegal, clerical, and other assistant employed by such counsel;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Actions, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. independent copying, document storage or data processing firms, or their employees, retained to copy, process or store any Discovery Materials;

    f. deponents or testifying witnesses in any of the Actions and their counsel, when counsel for a party to any of the Actions makes a good faith determination that it is necessary for the deponent or witness, or his counsel, to review the Confidential Discovery Materials in preparation for or during the course of the deposition or testimony, and provided that the deponent and his counsel execute the non-disclosure agreement attached hereto as Exhibit A prior to reviewing the Confidential Discovery Material;

    g. stenographers or videographers engaged to transcribe or record depositions conducted in any of the Actions; and

        h.    the Court and its support personnel.

6.2    Confidential-Attorney's Eyes Only Information, except with the prior consent of the Producing Parties or upon prior order of this Court, shall not be disclosed by any party to any person other than those identified in Section 6.1, subparagraphs (b), (c), (d), (e), (g) and (h).

6.3    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6.1(a) and (d) through (g) above, such person shall be provided by counsel with a copy of this Order and shall sign a non-disclosure agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement. Non-Disclosure Agreements shall be retained by counsel disclosing the Confidential Discovery Material and shall be made available for *in camera* inspection upon a showing of good cause, except that statements of experts shall not be made available until such time as the party is obligated to identify such individuals.

6.4    Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

If Plaintiff disagrees with a Producing Party's designation of Confidential Discovery Material as "Confidential" or "Confidential-Attorney's Eyes Only" or disputes the limitations on access to be accorded such information under this Order, Plaintiff shall provide to the Producing Party written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties, Plaintiff may seek relief from the Court. The Producing Party who designated the information as "Confidential" or "Confidential-Attorney's Eyes Only" shall bear the burden of demonstrating that the Confidential Discovery Material is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Plaintiff shall continue

to treat the Confidential Discovery Material in the manner required by this Order. The Parties may resolve disputes regarding the designation through the use of redaction.

8.     PRODUCTION OF PRIVILEGED DOCUMENTS

8.1    This Stipulated Protective Order constitutes a stipulated non-waiver agreement pursuant to Federal Rule of Evidence 502 and upon being so ordered, this Stipulated Protective Order also constitutes a Federal Rule of Evidence 502(d) Order which provides as follows: the production of privileged or work product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit the Producing Parties' right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged or protected information before production.

8.2    If a Producing Party produces Discovery Material that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, (the "Privileged Material") or learns of the production of such Privileged Material by a non-party to this Stipulated Protective Order, the Producing Party may retrieve such Privileged Material as follows:

    a.    Within twenty-one (21) days of the date of discovery by a Producing Party of Privileged Material by it or a non-party to this Stipulated Protective Order, the Producing Party shall give written notice to all other parties that the Producing Party claims the Privileged Material, in whole or in part, is privileged or protected material and state the nature of the privilege or protection and upon receipt of such notice, Plaintiff shall promptly return all copies to the Producing Party and destroy all copies of the same within the Plaintiff's possession.

9. USE OF PROTECTED MATERIAL

9.1 All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court. The parties will use their reasonable best efforts to minimize the filing of Confidential Discovery Materials under seal. For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day. In order to avoid filing under seal, Plaintiff may file a redacted version of Confidential Discovery Material provided that the Producing Party approves the redactions.

10. MANNER OF PRODUCTION

The Producing Party may produce documents and information to counsel for Plaintiff via email, DropBox, WeTransfer link, or similar method. Such production shall be deemed to have been made in Los Angeles County, California. In the event that Plaintiff seeks a deposition of either of the Producing Parties in connection with this proceeding, such deposition will occur in Los Angeles County, California, or, if at the time of the proposed deposition the State of California is under a declared State of Emergency as a result of the COVID-19 pandemic, via remote video deposition.

11. MISCELLANEOUS

11.1 After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Discovery Material that is produced prior to the Court's entry of this Stipulation and Protective Order.

11.2 The Parties and their counsel, and all signatories to the Acknowledgment and Agreement to be Bound attached hereto as Exhibit A, agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Stipulated Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the

1 Parties' intent to be bound by the terms of this Stipulated Protective Order pending its
2 entry so as to allow for timely production of Discovery Material under the terms herein.
3   11.3 The Parties and their counsel, and all signatories to the Acknowledgment
4 and Agreement to be Bound attached hereto as Exhibit A, understand, agree and
5 acknowledge that, in addition to agreeing to comply with and to be bound by all the terms
6 of this Stipulated Protective Order, any failure to comply with this Stipulated Protective
7 Order will expose the violating party (or their counsel) to sanctions and punishment in
8 the nature of contempt, including sanctions based upon the willful violation of a Court
9 Order.
10   11.4 This Stipulated Protective Order may be executed in counterparts.
11 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
12
13 DATED August 4, 2020
14
15 *Cristina Vicens*
16 Attorneys for Plaintiff
17
18
19 DATED: 8-4-20
20
21 _____
22 Attorneys for 5th Amendment Entertainment, Inc.
23
24 DATED: 8-4-20
25
26 _____
27 Attorneys for Pass Go 2 Win, LLC
28

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: __August 6, 2020_____

_____/s/_____

Honorable Michael R. Wilner
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, acknowledge that I have read and understand the Stipulated Protective Order entered in this proceeding (the "Order"). I agree that I will abide by its terms and not use or disclose Discovery Material for any purpose other than in connection with this proceeding and will not disclose any Confidential Discovery Material produced in this proceeding to anyone other than to those persons permitted in the Order and that at the conclusion of the proceeding I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

Signature: _____

-11-   Case No.: 8:19-cv-00219-VAP-(MRWx)
STIPULATED PROTECTIVE ORDER